**FILED**

**SEP 25 1997**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SUSAN JANSA BRUNICK,<br><br>Plaintiff,<br><br>vs.<br><br>WELLMARK OF SOUTH DAKOTA d/b/a<br>WELLMARK BLUE CROSS BLUE<br>SHIELD OF SOUTH DAKOTA, f/k/a<br>BLUE CROSS BLUE SHIELD OF<br>SOUTH DAKOTA,<br><br>Defendant. | CIV. 97-4183<br><br>**C O M P L A I N T** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff Susan Jansa Brunick, for her complaint, states and alleges as follows:

I.

Susan Jansa Brunick brings this action to recover benefits due and owing under health insurance provided through an employee benefit plan. This action is brought pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

II.

Susan Jansa Brunick is a resident of Sioux Falls, Minnehaha County, South Dakota.

III.

Defendant Wellmark of South Dakota d/b/a Wellmark Blue Cross Blue Shield of South Dakota formerly was known as Blue Cross Blue Shield of South Dakota. Defendant is licensed to conduct the business of insurance in South Dakota.

1

IV.

Susan Jansa Brunick is and has been a participant in a health insurance plan through her place of employment, Davenport, Evans, Hurwitz & Smith, L.L.P.

V.

During all material times, Defendant administered the health insurance benefits under the plan in which Susan Jansa Brunick participated.

VI.

From June of 1984 until August of 1996, Susan Jansa Brunick was married to Kenneth R. Brunick. During all material times, Kenneth R. Brunick was a beneficiary under the group health insurance plan whose benefits were administered by Defendant.

VII.

The group health plan insuring Susan Jansa Brunick and Kenneth R. Brunick provided the following as coverage for treatment of mental health conditions:

In each <u>benefit period</u>, each covered person is limited to:

- **30 days** of <u>inpatient</u> treatment for mental health conditions.

In a <u>lifetime</u>, each covered person is limited to:

- **90 days** of inpatient treatment for chemical dependency;

- **$10,000.00** for the <u>outpatient</u> treatment of mental health conditions and chemical dependency.

VIII.

During 1995, Kenneth R. Brunick was hospitalized twice at McKennan Hospital for mental illness disorders including major

depression, dependent personality disorder, and suicidal ideation.

IX.

Kenneth R. Brunick was voluntarily committed to the South Dakota Human Services Center in Yankton, South Dakota, from November 30, 1995 to February 22, 1996, due to mental illness and psychiatric problems.

X.

Kenneth R. Brunick was committed by the Minnehaha County Board of Mental Illness on March 8, 1996, to the South Dakota Human Services Center in Yankton, South Dakota, and remained there until July 1, 1996. At the time of his involuntary commission by the Minnehaha County Board of Mental Illness, he was in a near catatonic state, deemed dangerous to himself, and exhibiting depressive disorder, anxiety disorder, personality disorder, and severe body tremors.

XI.

From July 10, 1996, to July 15, 1996, Kenneth R. Brunick was voluntarily hospitalized in the South Dakota Human Services Center in Yankton, South Dakota, for mental illness and psychiatric disorders, particularly relating to a danger of suicide.

XII.

Notwithstanding the provisions of the health insurance plan, Defendant denied coverage or extended only limited coverage for the mental health hospitalizations of Kenneth R. Brunick.

XIII.

In an administrative appeal of Defendant's denial of benefits relating to the 1995 hospitalizations, Defendant provided the following reasons for affirming its denial of benefits:

> No substantial progress has been made according to the plan of treatment and adequate evidence was not presented to indicate that under the proposed plan of treatment the patient will make substantial progress leading to discharge.
>
> The patient's symptoms and the patient's degree of clinical stability indicated that treatment could be provided at a less intensive level of care.

XIV.

In an administrative appeal of the denial of coverage for the 1996 hospitalizations, Defendant on January 14, 1997, gave the following reasons for affirming its denial of benefits:

> The Patient's symptoms and the patient's degree of clinical stability indicated that the treatment could be provided at a less intensive level of care.
>
> There was a delay with out [sic] clinical justification, in evaluating patient's readiness for discharge and/or in arranging appropriate aftercare.

XV.

Susan Jansa Brunick has exhausted the administrative appeal process.

XVI.

During the administrative appeals process, Susan Jansa Brunick has submitted medical records to Defendant showing that the mental health hospitalizations were necessitated by the severe mental health problems of Kenneth R. Brunick, and has submitted a letter from a treating medical doctor for Mr. Brunick

- 4 -

Case 4:97-cv-04183-LLP   Document 1   Filed 09/25/97   Page 5 of 7 PageID #: 5

explaining the need for hospitalizations in light of the "almost catatonic" status of Mr. Brunick.

### XVII.

In early October of 1996, Susan Jansa Brunick, in a phone conversation, requested that Defendant provide her with information on what treatment records for Mr. Brunick that Defendant had reviewed. Susan Jansa Brunick made this request, so that she could understand what Defendant was missing in making and administratively affirming its coverage decisions. Defendant refused to allow access to that information, notwithstanding 29 U.S.C. § 1132(c).

### XVIII.

The psychiatric hospitalization expenses incurred by Kenneth R. Brunick at McKennan Hospital and at the South Dakota Human Services Center were medically necessary in the sense that they were appropriate and necessary for the diagnosis and treatment of an illness, consistent with professionally recognized standards of health care within the State of South Dakota and given at the right time and in the right setting, not more costly than reasonable alternative services equally effective for diagnosis and treatment of the condition, and enabling reasonable progress in the treatment of Mr. Brunick.

### XIX.

In refusing to extend the health insurance benefits, Defendant has acted wrongfully, arbitrarily and capriciously, contrary to the plan, and under a conflict of interest designed

- 5 -

to save itself money in not providing the benefits contracted under the health insurance coverage.

## XX.

In the Stipulation and Agreement underlying the Judgment and Decree of Divorce in August of 1996, Susan Jansa Brunick took responsibility for the unpaid medical expenses incurred at McKennan Hospital and the South Dakota Human Services Center for the psychiatric treatment of Kenneth R. Brunick.

## XXI.

Susan Jansa Brunick is entitled to recovery under ERISA of the plan benefits covering a portion of the medical expenses incurred at McKennan Hospital and the South Dakota Human Services Center, interest on all recoverable medical bills, costs, attorneys fees, and penalty under Section 1132(c) for withholding of information.

WHEREFORE, Plaintiff Susan Jansa Brunick prays for relief as follows:

1. For all medical expenses owed under the policy on the McKennan Hospital and South Dakota Human Services Center bills;

2. For interest on medical expenses owed under the plan;

3. For costs, attorneys fees, and penalty under Section 1132(c);

4. For such other and further relief as deemed just and equitable by the Court.

Dated at Sioux Falls, South Dakota, this __25th__ day of September, 1997.

            DAVENPORT, EVANS, HURWITZ &
            SMITH, L.L.P.

            _____
            ROBERTO A. LANGE
            513 South Main Avenue
            P.O. Box 1030
            Sioux Falls, SD 57101-1030
            (605)336-2880
            *Attorneys for Plaintiff*
            *Susan Jansa Brunick*